UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL URZUA,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a foreign corporation d/b/a WALMART MARKET #5269; DOES I through X; DOE EMPLOYEES I through X; ROE MAINTENANCE COMPANIES; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant(s). | CASE NO: 2:23-cv-00811-GMN-NJK<br><br>**STIPULATION AND ORDER TO VACATE MARCH 26, 2024, SETTLEMENT CONFERENCE**<br><br>**(SECOND REQUEST)** |

Plaintiff, RACHEL URZUA, and Defendant, WALMART, INC., d/b/a WALMART MARKET #5269 ("Defendant"), by and through their respective counsel of record, hereby submit the instant Stipulation and Order to Vacate March 26, 2024 Settlement Conference (Second Request) pursuant to LR IA 6-1 and IA 6-2 and LR 26-3. Specifically, the parties seek to vacate the Settlement Conference currently scheduled with Magistrate Judge Nancy J. Koppe for March 26, 2024.

**I.**

**PROCEDURAL HISTORY**

On April 3, 2023, Plaintiff filed her Complaint against Defendant WALMART, INC., d/b/a WALMART MARKET #5269 with the Eighth Judicial District Court for Clark County, Nevada.

1

On April 27, 2023, Walmart filed its Answer to Plaintiff's Complaint. On May 11, 2023, Plaintiff filed her Request for Exemption from Arbitration in which she outlined her claimed injuries and alleged damages. On May 24, 2023, Defendant filed its Notice of Removal and removed the matter to this Court based on diversity jurisdiction. On June 8, 2023, Defendant filed its Statement Regarding Removal. The parties participated in the Fed. R. Civ. P. 26(f) conference on June 30, 2023. The parties' proposed Joint Discovery Plan and Scheduling Order was denied by this Court on July 14, 2023 and the Court's Scheduling Order issued that same day.

In light of the closure of Defendant's counsel's law firm, on September 14, 2023, Defendant's Notice of Association of Counsel was submitted. On September 25, 2023, the Court's Order Granting in Part and Denying in Part Stipulation for Extension of Time was entered. The parties' Stipulated Protective Order was granted on October 27, 2023. On January 25, 2024, Plaintiff filed her Motion to Strike, responses to which are due February 8, 2024. Also on January 25, 2024, Defendant filed its Motion for Summary Judgment, responses to which are due on February 15, 2024. On February 1, 2024, this Court referred this action to Magistrate Judge Nancy J. Koppe for a settlement conference to be held on March 26, 2024 via videoconference. On February 5, 2024, the parties submitted their Stipulation and Order to Continue Briefing for All Pending Motions and Vacate March 26, 2024 Settlement Conference (First Request), which was denied without prejudice on February 6, 2024. On February 7, 2024, the parties submitted their Stipulation and Order to Continue Briefing for All Pending Motions (Second Request), which is currently pending this Court's decision.

## II.

## **BASIS FOR REQUEST**

Good cause exists to vacate the March 2024 Settlement Conference. The parties diligently complied with the Court's deadline for dispositive motions in this matter and timely filed their respective motions on January 25, 2024. However, this Court referred the case to a settlement conference, set to occur on March 26, 2024. *See* Order (Doc. 25). After meeting and conferring on the matter, the parties concluded that resolution without trial may more likely be obtained through private mediation rather than a settlement conference with the Court. Accordingly, the parties are

|   |   |
|---|---|
| 1 | scheduled for private mediation with Judge Trevor Atkin (Ret.) of Advanced Resolution |
| 2 | Management, to occur May 1, 2024, and request that the Settlement Conference be vacated. Vacating |
| 3 | the March 2024 Settlement Conference is warranted to allow the parties to focus their time, money, |
| 4 | and other resources on negotiating resolution through private mediation and avoids unnecessary |
| 5 | burden to the Court's docket. Finally, no party will be prejudiced by these requests as both parties |
| 6 | agree that vacating the March 26, 2024 Settlement Conference and participating in private mediation |
| 7 | on May 1, 2024 is the most likely path toward early resolution prior to trial. Thus, good cause exists |
| 8 | to vacate the March 26, 2024 Settlement Conference. |
| 9 | . . . |
| 10 | . . . |
| 11 | . . . |
| 12 | . . . |
| 13 | . . . |
| 14 | . . . |
| 15 | . . . |
| 16 | . . . |
| 17 | . . . |
| 18 | . . . |
| 19 | . . . |
| 20 | . . . |
| 21 | . . . |
| 22 | . . . |
| 23 | . . . |
| 24 | . . . |
| 25 | . . . |
| 26 | . . . |
| 27 | . . . |
| 28 | . . . |

This is the second request to vacate the March 2024 Settlement Conference in this matter and no hearing date or trial date will be impacted by the extension as no such hearing date or trial date has been set. The parties submit that the reasons set forth above constitute good cause for the requested relief.

| | |
|---|---|
| DATED this 7th day of February, 2024. | Dated this 7th day of February, 2024. |
| **HENNESS & HAIGHT** | **HALL & EVANS, LLC** |
| /s/Stephen J. Mendenhall | /s/Kurt R. Bonds |
| MARK G. HENNESS, ESQ.<br>Nevada Bar No. 5842<br>STEPHEN J. MENDENHALL, ESQ.<br>Nevada Bar No. 15286<br>HENNESS & HAIGHT<br>8972 Spanish Ridge Avenue<br>Las Vegas, Nevada 89148<br>(702) 862-8200 Telephone<br>(702) 862-8204 Facsimile | KURT R. BONDS, ESQ.<br>Nevada Bar No. 6228<br>MADISON M. AGUIRRE, ESQ.<br>Nevada Bar No. 16183<br>TANYA M. FRASER, ESQ.<br>Nevada Bar No. 13872<br>1160 North Town Center Drive<br>Suite 330<br>Las Vegas, NV 89144 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## **ORDER**

**IT IS SO ORDERED.**

DATED this __8th__ day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

4